1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                   **EASTERN DIVISION**

11

12  LYNN MOYA,                    )      No.  EDCV 09-850 CW
                                  )
13            Plaintiff,          )      DECISION AND ORDER
          v.                      )
14                                )
    MICHAEL J. ASTRUE,            )
15  Commissioner, Social          )
    Security Administration,      )
16                                )
              Defendant.          )
17  _____)

18

19       The parties have consented, under 28 U.S.C. § 636(c), to the

20  jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21  review of the Commissioner's denial of disability benefits.  As

22  discussed below, the court finds that the Commissioner's decision

23  should be reversed and this matter remanded for further proceedings.

24                       **I.  BACKGROUND**

25       Plaintiff Lynn Moya was born on March 5, 1957, and was fifty-one

26  years old at the time of her administrative hearing. [Administrative

27  Record ("AR") 28.]  She has an eighth grade education and no past

28  relevant work experience. [AR 71.]  Plaintiff alleges disability on

                                    1

the basis of a mental condition and auditory hallucinations [AR 30, 36.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on May 1, 2009, and filed on May 12, 2009.  On October 6, 2009, Defendant filed an Answer and Plaintiff's Administrative Record ("AR").  On October 4, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income ("SSI") on July 17, 2006, alleging disability since July 16, 2006. [AR 9.]  After the application was denied initially on September 25, 2006, and upon reconsideration on April 26, 2007, Plaintiff requested an administrative hearing, which was held on June 2, 2008, before an Administrative Law Judge ("ALJ"). [AR 21.]  Plaintiff was represented by counsel and gave testimony at the hearing. [AR 9.]  The ALJ denied benefits in a decision dated June 26, 2008 [AR 18.]  When the Appeals Council denied review on April 16, 2009, the ALJ's decision became the Commissioner's final decision. [AR 1.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject

2

1  the finding and set aside the decision to deny benefits.  <u>See</u> <u>Aukland</u>
2  <u>v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v.</u>
3  <u>Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240
4  F.3d 1157, 1162 (9th Cir.  2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094,
5  1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir.
6  1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada</u>
7  <u>v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

8       "Substantial evidence is more than a scintilla, but less than a
9  preponderance."  <u>Reddick</u>, 157 F.3d at 720.  It is "relevant evidence
10 which a reasonable person might accept as adequate to support a
11 conclusion."  <u>Id</u>.  To determine whether substantial evidence supports
12 a finding, a court must review the administrative record as a whole,
13 "weighing both the evidence that supports and the evidence that
14 detracts from the Commissioner's conclusion."  <u>Id</u>.  "If the evidence
15 can reasonably support either affirming or reversing," the reviewing
16 court "may not substitute its judgment" for that of the Commissioner.
17 <u>Reddick</u>, 157 F.3d at 720-721; <u>see also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

18                          **V.  <u>DISCUSSION</u>**

19     **A.   THE FIVE-STEP EVALUATION**

20      To be eligible for disability benefits a claimant must
21 demonstrate a medically determinable impairment which prevents the
22 claimant from engaging in substantial gainful activity and which is
23 expected to result in death or to last for a continuous period of at
24 least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at
25 721; 42 U.S.C. § 423(d)(1)(A).

26      Disability claims are evaluated using a five-step test:

27          Step one: Is the claimant engaging in substantial
            gainful activity?  If so, the claimant is found not
28          disabled.  If not, proceed to step two.

                                3

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

_____

[1]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler,

4

1  education, and work experience, a claimant can perform other work

2  which is available in significant numbers.  Tackett, 180 F.3d at 1098,

3  1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

4      **B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

5      Here, the ALJ found that Plaintiff had not engaged in substantial

6  gainful activity since her disability application date (step one).

7  The ALJ held that Plaintiff had a medically determinable impairment,

8  namely adjustment disorder due to polysubstance abuse, and that she is

9  also hypertensive and has minor degenerative changes of the lumbar

10  spine.  The ALJ found, however, that Plaintiff did not have a severe

11  impairment or combination of impairments (step two). [AR 11.]

12  Accordingly, Plaintiff was found not "disabled" as defined by the

13  Social Security Act. [AR 18.]

14      **C.  ISSUES IN DISPUTE**

15      The parties' Joint Stipulation raises the following disputed

16  issues:

17      1.    Whether the ALJ properly considered the treating physician's
18            opinion;

19      2.    Whether the ALJ properly developed the record;

20      3.    Whether the ALJ properly considered the type, dosage and
21            side effects of Plaintiff's prescribed medications;

22      4.    Whether the ALJ properly considered the lay witness
23            statement; and

24      5.    Whether the ALJ properly considered the severity of
25            Plaintiff's mental impairment.

26      [JS 2.]

27  ───────────────────

28  765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1    As discussed below, Issue Five is dispositive.

2         **D.   SEVERITY OF THE IMPAIRMENT**

3         At step two of the sequential evaluation, an impairment or

4    combination of impairments may be found "not severe" only if the

5    evidence establishes a "slight abnormality that has no more than a

6    minimal effect on an individual's ability to work."  <u>Webb v. Barnhart</u>,

7    433 F.3d 683, 686 (9th Cir. 2005)(<u>quoting</u> <u>Smolen v. Chater</u>, 80 F.3d

8    1273, 1290 (9th Cir. 1996)); <u>see</u> <u>also</u> <u>Yuckert v. Bowen</u>, 841 F.2d 303,

9    306 (9th Cir. 1988).  If an ALJ is "unable to determine clearly the

10   effect of an impairment or combination of impairments on the

11   individual's ability to do basic work activities, the sequential

12   evaluation should not end with the not severe evaluation step."  <u>Webb</u>,

13   433 F.3d at 687 (quoting SSR 85-28, 1985 WL 56856 at *4).  Thus, step

14   two involves a "de minimis screening device [used] to dispose of

15   groundless claims."  <u>Webb</u>, 433 F.3d at 687 (<u>quoting</u> <u>Smolen</u>, 80 F.3d at

16   1290).

17        Here, the ALJ found that Plaintiff lacked a medically severe

18   impairment or combination of impairments because Plaintiff's

19   statements "concerning the intensity, persistence and limiting effects

20   of [the alleged] symptoms are not credible..." [AR 12.]  The record

21   presents medical records from 1994 to 1997, and 2005 to 2008.  Because

22   the alleged onset date is July 17, 2006, only the most recent records

23   are relevant.  However, between 2005 to 2008, Plaintiff's condition

24   and reported symptoms varied greatly.  Despite the fluctuation in

25   Plaintiff's symptoms, it is clear that Plaintiff's impairments satisfy

26   the <u>de minimis</u> standard required in a "severity" determination.

27        In 2005, the staff psychiatrist at Patton State Hospital found

28   plaintiff to be cooperative, euthymic, goal directed, and with no

acute psychotic symptoms. [AR 263.] In 2006, the examining
psychiatrist Dr. Linda Smith found that Plaintiff was inconsistent and
generally not credible, and was manipulated and maneuvered during her
examination.  At this time, Dr. Smith diagnosed Plaintiff with
polysubstance abuse [AR 266-274.] In 2006 to 2007, Plaintiff's most
recent parole assessments indicated that her symptoms varied greatly.
At times she reported feeling better and having less mood swings
(12/11/2006), then later hearing voices and having problems
sleeping(1/22/2007 and 2/2/2007).  At her last parole appointment she
did not refill her medication because she was doing better
(2/26/2007). [AR 293.] However, in 2007, the director of her housing
facility indicated that Plaintiff dressed abnormally, she could not
make decisions, focus, and comprehend, but could perform chores with
assistance, handle money and budgets, and work on computers. [AR 84.]
During this same period, Plaintiff also indicated that she cannot
bathe, hears voices, and cannot do her hair. [AR 94.]

        On April 1, 2008, Plaintiff's treating physician, Dr. Marcia
Hudson, indicated on a county welfare form that Plaintiff was not able
to work and had limitations affecting her ability to do so. [AR 301.]
Also included in the record are various Medication Visit
Interdisciplinary Notes completed by Dr. Hudson.  The first
Interdisciplinary Note dated January 24, 2008 indicates that Plaintiff
has "295.70" Schizoaffective Disorder and "304.80" polysubstance
dependencies. [AR 309.]  The next note dated February 27, 2008
indicates that Plaintiff has "295.70 - continued AVH" (auditory visual
hallucinations) and "304.80 - SFR." [AR 308.]  The final note dated
April 1, 2008 indicates that Plaintiff has "AVH/Anxiety 295.70." [AR
307.]

1   Although the ALJ has called into question the evidentiary value
2   of these records, the finding of non-severity at step two was not
3   "clearly established by the medical evidence."  <u>Webb</u>, 433 F.3d at 687;
4   <u>see also</u> <u>Yuckert</u>, 841 F.2d at 306 ("Despite the deference usually
5   accorded to the Secretary's application of regulations, numerous
6   appellate courts have imposed a narrow construction upon the severity
7   regulation applied here.").  Under this narrow standard, and
8   considering the record as a whole, Plaintiff has offered evidence that
9   was sufficient to satisfy the <u>de minimis</u> threshold at step two.  <u>Webb</u>,
10  433 F.3d at 687.  Although the court "do[es] not intimate that
11  [plaintiff] will succeed in proving that [s]he is disabled," the ALJ
12  should continue the sequential evaluation beyond step two "because
13  there was not substantial evidence to show that [plaintiff's] claim
14  was groundless."  <u>Id.</u>, at 688.  Accordingly, the ALJ's finding that
15  the Plaintiff did not suffer from a severe mental impairment should be
16  reversed, and the matter should be remanded for further proceedings.

17          **F.   REMAND FOR FURTHER PROCEEDINGS**

18          The decision whether to remand for further proceedings is within
19  the discretion of the district court.  <u>Harman v. Apfel</u>, 211 F.3d 1172,
20  1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by
21  further proceedings, or where the record has been fully developed, it
22  is appropriate to exercise this discretion to direct an immediate
23  award of benefits.  <u>Harman</u>, 211 F.3d at 1179 (decision whether to
24  remand for further proceedings turns upon their likely utility).
25  However, where there are outstanding issues that must be resolved
26  before a determination can be made, and it is not clear from the
27  record that the ALJ would be required to find the claimant disabled if
28  all the evidence were properly evaluated, remand is appropriate.  <u>Id</u>.

8

1   Here, as set out above, outstanding issues remain before a finding of

2   disability can be made.  Accordingly, remand is appropriate.

3                                  **VI.   ORDERS**

4       Accordingly, **IT IS ORDERED** that:

5       1.   The decision of the Commissioner is **REVERSED**.

6       2.   This action is **REMANDED** to defendant, pursuant to Sentence

7   Four of 42 U.S.C. § 405(g), for further proceedings as discussed

8   above.

9       3.   The Clerk of the Court shall serve this Decision and Order

10   and the Judgment herein on all parties or counsel.

11

12   DATED: October 26, 2010

13                                 CARLA M. WOEHRLE
                             United States Magistrate Judge

9